**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Darvell D. York,                                    Civ. No. 15-1861 (ADM/BRT)

           Petitioner,

v.                                                  **REPORT AND RECOMMENDATION**

United States of America and Denise
Wilson,

           Respondents.

Petitioner Darvell D. York, a prisoner at the Federal Correctional Institution in Sandstone, Minnesota, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his habeas petition, York challenges the validity of a federal conviction and sentence incurred in Illinois. This Court, however, lacks jurisdiction to consider York's habeas petition, as his challenge should have been brought in a motion under 28 U.S.C. § 2255 in the district of conviction. Accordingly, this Court recommends that York's habeas petition be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although York seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

I.  BACKGROUND

York was indicted in the United States District Court for the Northern District of Illinois in 2005 on one count of knowingly and intentionally distributing cocaine base in violation of 21 U.S.C. § 841(a)(1).  *See United States v. York*, No. 1:04-cr-00257 (N.D. Ill. complaint filed Mar. 8, 2004).  After a jury trial, York was found guilty of the charge in the indictment and was sentenced to a 360-month term of imprisonment.  That conviction and sentence were affirmed on appeal.  *See United States v. York*, 572 F.3d 415 (7th Cir. 2009).

In 2010, York filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Illinois.  *See United States v. York*, No. 1:10-cv-05098 (N.D. Ill. filed Aug. 13, 2010).  In his § 2255 motion, York argued that his trial counsel fell short of providing effective assistance by failing to interview a government witness before trial.  York also argued that the government committed prosecutorial misconduct, both by failing to disclose exculpatory evidence and by allowing witnesses to present false testimony.  York's motion was denied on the merits.  *See United States v. York*, No. 1:10-cv-5098, 2011 WL 3651326 (N.D. Ill. Aug. 16, 2011).

York now petitions this Court for habeas relief under § 2241.  In his habeas petition, York again argues that the government committed prosecutorial misconduct by knowingly allowing a witness to testify falsely at trial.  *See* Petition at 3-6 (Doc. No. 1).  York also renews his argument that his attorneys provided ineffective assistance of counsel.  *Id*. at 7-8.  In addition, York argues that his conviction was induced through

entrapment and coercion.  *Id*. at 9-11.  Finally, York contends that the government "cannot prove that [he] was part of a conspiracy . . . ."  *Id*. at 12.

## II.  ANALYSIS

"A federal inmate generally must challenge a conviction or sentence through a § 2255 motion."  *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted).  Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241."  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention.  *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.");  *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.

York is clearly seeking to invalidate his conviction and sentence incurred in the Northern District of Illinois.  Such claims must be brought under § 2255 unless the savings clause is shown to apply.  York does not argue to the contrary in his habeas

petition. Instead, York spends much of his petition arguing that this Court should ignore procedural hurdles that apply to habeas petitions brought by prisoners held pursuant to the judgment of a *state* court. *See* Petition at 2-3; 28 U.S.C. § 2254. For example, § 2254(b)-(c) requires that a habeas petitioner first exhaust state remedies, while 28 U.S.C. § 2244(d) sets a one-year limitations period for state prisoner habeas claims. York cites several cases discussing the circumstances in which the failure to clear one of these procedural hurdles may be excused, and he argues that his habeas petition fits these circumstances. But York is not proceeding under § 2254, and so the cases explaining when procedural missteps from prisoners seeking relief under § 2254 may be ignored are irrelevant.

     Instead, York is seeking relief under § 2241. Unfortunately for York, such relief is available to federal prisoners challenging their conviction or sentence only in one unusual set of circumstances — where § 2255 is "inadequate or ineffective" for bringing such a challenge. *See* 28 U.S.C. § 2255(e). York offers no argument as to why § 2255 would have been inadequate or ineffective in his case, and no such reason occurs to this Court. To the contrary, York was given the opportunity to bring the claims raised in his habeas petition through a § 2255 motion, and he actually raised at least some of those claims in his § 2255 motion. Moreover, it does not appear that anything prevented York from also raising the claims that he failed to bring in his earlier § 2255 motion, such as his argument that he was entrapped by the government. For example, none of his claims are based on newly discovered evidence or on a new rule of law only recently made

retroactive to cases on collateral review.[2]  *See e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013) (requiring that the petitioner seeking to invoke the savings clause demonstrate that a "new rule . . . applies retroactively on collateral review . . . ."). Accordingly, there is no reason to believe that § 2255 was "inadequate or ineffective" for York to test the legality of his conviction on the grounds raised in the habeas petition. York is therefore precluded from availing himself of the savings clause.

In short, the claims raised in York's habeas petition are not properly before this Court, as they should have been raised in a motion for relief under § 2255. Accordingly, this Court lacks jurisdiction to consider York's habeas petition. In such circumstances, a district court has discretion either to dismiss the petition or to transfer the petition to the appropriate court. This Court recommends dismissal, not transfer, of York's habeas petition. York has already filed one motion for relief under § 2255, and thus any subsequent motion for relief under that statute will be subject to the restrictions on second-or-successive § 2255 motions provided in § 2255(h). Specifically, York may not bring a second § 2255 motion unless that motion is certified by a panel of the appropriate court of appeals to contain

---

[2] York argues that he should be permitted to proceed due to his claim that he is actually innocent. It is extraordinarily doubtful that a claim of actual innocence, *by itself*, is sufficient to overcome the exclusive-remedy rule. *See Abdullah*, 392 F.3d at 959-60. Leaving that aside, though, York's claim of "actual innocence" is that he was not guilty of the crime of conspiring to distribute cocaine. *See* Petition at 12. But York was not convicted for conspiracy; he was convicted for knowingly and intentionally distributing cocaine base. York's "actual innocence" claim is therefore entirely beside the point.

>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  The claims in York's habeas petition rely upon neither newly discovered evidence nor a new rule of constitutional law.  Accordingly, York is not eligible to bring a second motion under § 2255 on the basis of those claims.  There is little reason to transfer York's habeas petition only for that petition to be inevitably denied by another court.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Darvell D. York's petition for a writ of habeas corpus (Doc. No. 1) be DENIED.

2. York's application to proceed *in forma pauperis* (Doc. No. 2) be DENIED AS MOOT.

3. This action be DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

Dated: April 20, 2015               *s/ Becky R. Thorson*
                                    Becky R. Thorson
                                    United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 4, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.