UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Darvell D. York,

                Petitioner,

v.

United States of America and Denese Wilson,

                Respondents.

MEMORANDUM OPINION
AND ORDER
Civil No. 15-1861 ADM/BRT

_____

Darvell D. York, pro se.

Ana H. Voss, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Respondents.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Darvell D. York's ("York") Objections [Docket No. 4] to Magistrate Judge Becky R. Thorson's April 20, 2015 Report and Recommendation [Docket No. 3] ("R&R"). Judge Thorson recommends that York's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docket No. 1] ("Petition") be summarily dismissed for lack of subject matter jurisdiction. After a thorough de novo review of the record and for the reasons set forth below, York's Objections are overruled and the R&R is adopted.

## II. BACKGROUND

In 2005, York was indicted in the United States District Court for the Northern District of Illinois on one count of knowingly and intentionally distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). See United States v. York, No. 1:04-CR-257 (N.D. Ill. Compl. filed Mar. 8, 2004). York was convicted after a jury trial and was sentenced to a 360-month term of

imprisonment. R&R at 2. The Seventh Circuit affirmed York's conviction and sentence on appeal. See United States v. York, 572 F.3d 415 (7th Cir. 2009).

In 2010, York filed a 28 U.S.C. § 2255 motion in the Northern District of Illinois seeking to vacate, set aside, or correct his sentence. See United States v. York, No. 1:10-CV-5098, 2011 WL 3651326 (N.D. Ill Aug. 16, 2011). In his § 2255 motion, York sought relief on two grounds. First, he claimed his trial attorney provided ineffective assistance of counsel by failing to investigate the statements of Tracy Mitchell, a confidential informant. Id. at *1. Second, he asserted the government committed prosecutorial misconduct by failing to disclose exculpatory evidence related to Mitchell's statements and by permitting witnesses to present false testimony. Id. The § 2255 motion was denied on the merits. Id. at *2.

York is confined at FCI Sandstone within the District of Minnesota and now brings this § 2241 petition for habeas relief. York again alleges that he received ineffective assistance of counsel and that the government committed prosecutorial misconduct in having a witness testify falsely at trial. York also argues that he was the victim of government entrapment, coercion, and that the government "cannot prove that [he] was part of a conspiracy. . . .". Pet. at 12. Lastly, York seems to make the overarching argument that he is actually innocent.

### III. DISCUSSION

**A. Standard of Review**

In reviewing an R&R, a district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." Id.

**B. York's Petition for Relief**

A federal prisoner challenging the imposition of a conviction must ordinarily do so through a § 2255 motion submitted to the sentencing court. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled [that] a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 and not in a habeas petition filed in the court of incarceration.").

For a federal district court other than the sentencing court to have jurisdiction in a prisoner's collateral challenge, the petitioner must demonstrate that a § 2255 challenge is inadequate or ineffective for testing the legality of the detention. See 28 U.S.C. § 2255(e). This narrow exception is often referred to as the "savings clause," because in limited circumstances, it can "save" a habeas petition from being dismissed under § 2255(e). See Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004).

As York's habeas petition clearly contests the validity of his conviction, he may not pursue the challenge in a § 2241 motion unless he affirmatively demonstrates that the savings clause applies. Judge Thorson correctly concluded that the savings clause was inapplicable. Specifically, Judge Thorson noted that York previously raised his claims of ineffective counsel and prosecutorial misconduct in his § 2255 motion and that none of his additional claims are based on newly discovered evidence or a new rule of law. See e.g. Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1274 (11th Cir. 2013) (requiring that the petitioner seeking to invoke the savings clause demonstrate that a "new rule . . . applies retroactively on collateral review . . . .").

**C. York's Objections to the R&R**

York objects to Judge Thorson's R&R by restating his arguments relating to alleged exculpatory information provided by Mitchell. Objections at 1-2. York argues that due to information provided by Mitchell in an affidavit, he is actually innocent of the crime of distributing cocaine. According to York, the savings clause should apply as the information was "not discovered until recently upon discussions and admissions by [Mitchell]" and therefore could not have been raised in his initial § 2255 challenge.

This argument, however, is foreclosed by Abdullah. In that case, the Eighth Circuit made clear that an actual innocence argument, by itself, does not automatically invoke the savings clause. Abdullah, 392 F.3d at 959–60. An actual innocence argument may be properly raised in a § 2241 habeas petition only if the petitioner did not have a prior opportunity to assert the argument. Id. at 960 (" § 2255 was not inadequate or ineffective to raise Abdullah's claim because . . . regardless of his ability to demonstrate actual innocence, Abdullah did have an unobstructed opportunity to raise his claim"). Here, York first raised arguments claiming exculpatory evidence from Mitchell in his original § 2255 motion in the Northern District of Illinois. See York, 2011 WL 3651326. In arguing his ineffective assistance of counsel and prosecutorial misconduct claims in the § 2255 motion, York submitted an affidavit signed by Mitchell. Id. at *1. The court found the affidavit unavailing:

> In the affidavit, Mitchell states that York did not actually hand him drugs that day. Instead, Mitchell asked York to sell him drugs and York arranged for Mitchell to procure drugs from someone else. York then picked the seller up in his car, and drove him to Mitchell. That person handed Mitchell the drugs and Mitchell handed York the money in return. York believes these statements by Mitchell are exculpatory. However, they are not.

Id. Thus, York had an opportunity to raise his argument for actual innocence based on

statements made by Mitchell in his initial § 2255 motion and, accordingly, the savings clause is inapplicable.[1] The Court lacks jurisdiction to evaluate York's § 2241 petition and it therefore dismissed.[2]

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Darvell D. York's Objections [Docket No. 4] to Magistrate Judge Becky R. Thorson's April 20, 2015 Report and Recommendation [Docket No. 3] are **OVERRULED**;

2. The Report and Recommendation is **ADOPTED**;

3. York's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody [Docket No. 1] is **DENIED**; and

4. This action is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION** as set forth fully in the body of this Order.

---

[1] York did not provide the referenced affidavit from Mitchell with his § 2241 petition. The Court therefore cannot discern if the affidavit cited by York is indeed the same affidavit already examined in his § 2255 motion. Nevertheless, the alleged exculpatory information identified by Mitchell in the present Petition seems to be similar to Mitchell's statements evaluated in the original § 2255 motion—that is, that York did not actually hand Mitchell the drugs and Mitchell coerced York into facilitating the sale.

[2] The Court declines to recommend transferring this action to the Northern District of Illinois for evaluation as a second or successive § 2255 motion for the reasons set forth by Judge Thorson in the R&R. See R&R at 5-6.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery   
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 25, 2015.